UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BELMONT COMMONS, L.L.C.**                                    **CIVIL ACTION**

**VERSUS**                                                     **NO. 06-6879**

**AXIS SURPLUS INSURANCE COMPANY, ET AL.**                     **SECTION B(5)**

<u>**ORDER AND REASONS**</u>

Before the Court is Axis Surplus Insurance Company's Motion for Summary Judgment requesting that the Court find as a matter of law that Brower Insurance Agency, LLC, breached the duty it owed to Belmont to procure adequate flood coverage.  Rec. Doc. 88. The Motion is opposed. Rec. Doc. 152.  For the following reasons, the Motion is **denied.**

**I.   BACKGROUND**

The facts of this case have been laid out in detail in prior rulings of this Court on the Motions submitted.  The instant Motion requests a finding that Brower Insurance Agency, LLC, as a matter of law, breached its duty to its client Belmont Commons, LLC, for failing to adequately secure excess flood insurance and, therefore, is liable.

Axis argues that the undisputed evidence demonstrates that Mr. Miller and the Brower Insurance Agency, LLC, breached their duty to Belmont to use reasonable diligence in attempting to secure coverage and to notify Belmont if it failed to obtain the coverage requested.  While damages have yet to be determined, Axis argues

1

that it is clear that the question of liability on the part of Brower is assured because Mr. Miller was negligent in providing incorrect advice to Belmont regarding excess flood insurance and in failing to secure the requested excess coverage.  According to Axis, Belmont requested additional flood coverage and Brower failed to secure that coverage, making it liable.  The property was damaged in excess of the $500,000 in flood coverage available and, therefore, Axis argues Belmont is entitled to damages resulting from Brower's breach.

Brower argues that the claims against it are time barred by LSA-R.S. § 9:5606.  Next, they assert that it had no duty to advise of excess flood limits.  Finally, Brower argues that there is an issue of fact regarding whether Belmont asked for and/or actually would have purchased excess flood insurance on 925 Common.

**II.   LAW AND ANALYSIS**

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FRCP 56(c).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco*, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996).  Summary judgment is

also proper if the party opposing the motion fails to establish an essential element of his case. *See Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.*

A fact is material if it "might affect the outcome of the suit under governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. In evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255.

In ruling on the Motion for Summary Judgment filed by Brower, the Court held that the claims against it are not preempted. Accordingly, Brower's argument that Axis' Motion should be denied because of preemption is without merit for the reasons previously assigned.

Regarding duty, an insurance agent has a fiduciary duty to the

insured and he is liable for his intentional or negligent breach of this duty. *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir.1990). In order to prevail on this cause of action, the Plaintiff must show that (1) an undertaking or agreement by the agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that he is properly insured. *Id.* (*citing Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730-31 (La.1973). An insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. *Id*.

In support of its arguments that Brower breached its duty, Axis relies upon, *inter alia*, the deposition of Manny Organeck. Mr Organecek testified that he had a twenty year relationship with Brower and Miller and that Brower secured coverage on multiple properties through Miller and Brower.

Axis also relies upon the same e-mail string used by both Brower and Belmont in its respective positions concerning the Brower Summary Judgment Motion between the bank, Brower, and Belmont. Axis argues these communications show a request was made for excess flood coverage but denied by Miller. Further, Axis

4

points to an e-mail string between Miller and Tony Volpi of CRC Insurance which requests whether higher flood limits are available. Volpi responded possibly, but that such coverage in New Orleans would be expensive.

Axis also relies upon Miller's deposition in which he testified that he while Volpi at CRC indicated the possibility of the excess coverage being available, that he did not communicate that fact to his Belmont. Axis also cites to the deposition of Organcek who testified that Belmont "wanted Russ [Miller] to provide all the insurance that we needed." He also testified that he thought he "had conversations in general with Russ about flood insurance and along the lines of....How come we cant get more than half a million? And the response has been: Well, that's the government limit. It's government insurance and that's the government limit. That's all we can get."

Finally, Axis relies upon Organek and Marc Blumberg's depositions in which they both testify that they learned subsequent to Hurricane Katrina, that additional flood insurance was available from private carriers that would have provided more coverage than the $500,000 provided by Brower.

In Opposition, Brower attaches the deposition of Miller who testifies that Belmont did not request the excess insurance. Brower concedes that the amount of coverage came up through e-mails from the bank in connection with refinancing the building; however, it asserts that these requests were not made by Belmont. In the

5

context of the bank e-mails, Brower argues that the issue was how $500,000 was determined to be the limits selected on the building, not a request for more flood insurance. Brower provides that the bank obviously thought the coverage was sufficient because it went through with the loan and, in its opinion, dropped the issue. They remain steadfast that Belmont never requested more coverage.

While the parties rely on basically the same pieces of evidence for their respective positions, they heavily dispute what this evidence says and means. Axis contends it shows a request for additional insurance that Brower did not undertake and Brower suggests it shows no request for additional insurance. Clearly, as this Court has held with regard to Brower's Motion on this same issue and on the same evidence presented, there are genuine issues of material fact regarding Brower's liability and thus, summary judgment must be denied.

Accordingly,

**IT IS ORDERED** that Axis' Motion for Summary Judgment (Rec. Doc. 88) is **denied.**

New Orleans, Louisiana this 28th day of July, 2008.

_____
**UNITED STATES DISTRICT JUDGE
IVAN L.R. LEMELLE**