```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

**BELMONT COMMONS, L.L.C.**                              **CIVIL ACTION**

**VERSUS**                                               **NO. 06-6879**

**AXIS SURPLUS INSURANCE COMPANY, ET AL.**               **SECTION B(5)**

ORDER AND REASONS

Before the Court is Axis Surplus Insurance Company's Motion for Summary Judgment requesting that the Court find that Belmont Commons, LLC is not entitled to statutory penalties and attorneys' fees under LSA-R.S. 22:658 and 22:1220. Rec. Doc. 105. The Motion is opposed. Rec. Doc. 164. For the following reasons, the Motion is **denied.**

**I.   BACKGROUND**

The facts of this case have been laid out in detail in the Court's prior rulings on the Motions submitted. By this Motion, Axis requests summary judgment on the bad faith claims asserting that because Plaintiff did not submit a "satisfactory proof of loss" the claims for bad faith have not been triggered under the applicable statutes.

Axis first submits that its insurance policy requires its insured to send a signed sworn proof of loss necessary to settle the claim. Axis acknowledges that Plaintiff forwarded to them a Sworn Statement of Proof of Loss on July 20, 2006, which document was based upon the evaluation of the claim by Plaintiff's expert

1

Carr.  This document indicated that Plaintiff sustained loss in the amount of $7,852,670.58.  In November 2007, Carr submitted a new estimate in the amount of $5, 322,622.51.  Axis submits that Carr acknowledged in his deposition that his first estimate was incorrect.

Axis argues that Carr's July 2006 report and estimate are full of errors, miscalculations, and wrong.  Therefore, it is not "satisfactory."  The statue requires "satisfactory proof of loss" and because a satisfactory proof of loss has not been submitted, Axis urges that Belmont cannot state a claim for bad faith.

Belmont argues that Axis received and acknowledged receipt of a proof of loss on July 20,2006, providing factual grounds to deny the motion.

Next, Belmont argues the policy requires that proof of loss be submitted after a request by the insurer and that the insurer shall supply the insured with the forms.  Because Axis never requested proof of loss nor submitted the forms to Belmont, it argues that any requirement to provide proof of loss was not triggered.

Further, Belmont points out that the policy does not state that a "satisfactory proof of loss" needs to be provided.  Accordingly, the Court should find that the 1000 page estimate submitted in July 2006 qualifies as a per se "satisfactory proof of loss".

Finally, Belmont argues that the real issue is whether the

insurer had sufficient notice of the claim and that Louisiana law does not require a form for "satisfactory proof of loss" to trigger a cause of action under the penalty statute.

**II.   LAW AND ANALYSIS**

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FRCP 56.  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *Stults v. Conoco*, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  *See Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).  Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  *Id.*

LSA-R.S. 22:658 provides, in pertinent part:

> A.  (1)  All insurers issuing any type of contract, other than those specified in R.S.

...

> 22:656, 657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days **after receipt of satisfactory proof of loss** from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph. (Emphasis added).

Lsa-R.S. 22:1220 provides, in pertinent part:

> A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
>
> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
>
> ...
>
> 5) Failing to pay the amount of any claim due any person insured by the contract within sixty days **after receipt of satisfactory proof of loss** from the claimant when such failure is arbitrary, capricious, or without probable cause. (Emphasis added)

Although the act triggering an insurer's duty under these statutes is submission of a "satisfactory proof of loss", neither statute defines that term. Nevertheless, the jurisprudence discussed hereafter interprets "satisfactory proof of loss" within the meaning of these statues as that which is sufficient to fully

4

apprise the insurer of the insured's claim.

In *Hart v. Allstate Ins. Co.* 437 So.2d 823, 828 (La. 1983), the court held that to establish a "satisfactory proof of loss," the insured must establish that the insurer receive sufficient facts which fully apprise the insurer that the owner or operator of the other vehicle involved in the accident was uninsured or underinsured, that he was at fault, that such fault gave rise to damages and establish the extent of those damages.

In *Warner v. Liberty Mut. Fire Ins. Co.* 543 So.2d 511, 517 (La.App. 4th Cir. 1989), the court found it was not necessary for proof of loss to be in writing or in any other formal style. The insurer's actual knowledge of the loss constituted satisfactory proof of loss under LSA-R.S. 22:658(A).

Finally, in *Paul v. National Am. Ins. Co.*, 361 So.2d 1281, 1284-1285 (La.App.1978), the court rejected the argument that penalties and attorney's fees are not due unless demand is made for a specific amount. In so holding, the court relied upon jurisprudence establishing that the pertinent statute does not require written proof of loss, or any other formal style of proof and requires only that the insurer have actual knowledge of the facts. Because the insurer was fully apprised of the claim, the cause of action for statutory penalties was triggered despite the submission of no formal written amount.

Belmont submitted a sworn proof of loss to Axis in July 2006.

Louisiana law requires only that the insurer be apprised of the claim.  There is not any form needed.  Here, Axis argues that the July 2006 submission is not satisfactory and could not apprise them of the claim because its approximately 2.5 million more than the current estimate sought by Belmont.  Axis then goes on to critique and explain why the conclusions of Plaintiff's expert made in July 2006 and again in the November 2007 report are erroneous.

Clearly, if Axis is able to point out all of its issues with estimates provided by Carr, then it has been satisfactorily apprised of the claim and given satisfactory proof of the claim.  Further, Axis denied coverage and sent Belmont a coverage denial letter.  Obviously Axis had to be apprised of the claims and what coverages Belmont sought from under the policy prior to issuing any denial.  Accordingly, and in light of the requirement that the satisfactory proof of loss under Louisiana law requires only that the insurer be apprised of the loss and the claim, the court finds that satisfactory proof of loss has been made.  Thus, the bad faith claims are not dismissed.

Accordingly,

**IT IS ORDERED** that Axis' Motion for Summary Judgment (Rec. Doc. 105) is **denied**.

New Orleans, Louisiana this 28th day of July, 2008.

**UNITED STATES DISTRICT JUDGE
IVAN L.R. LEMELLE**