## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BELMONT COMMONS, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-6879** |
| **AXIS SURPLUS INSURANCE COMPANY, ET AL.** | **SECTION B(5)** |

### ORDER AND REASONS

Brower Insurance Agency, Inc., filed this Motion for Summary Judgment arguing that there is coverage under the Axis policy in place at the time Hurricane Katrina made landfall for damages to the Fairmont premises. Rec. Doc. 88.  Thus, Brower asserts it should be exonerated from liability on the grounds that it breached no duty and there is no damages.  The Motion is opposed.  Rec. Docs. 86, 87.  For the following reasons, the Motion is **denied**.

### I.   BACKGROUND

The facts of this case have been laid out in detail in prior rulings of this Court on the Motions submitted.  This Motion is a Cross-Motion for Summary Judgment to the all the Motions filed by the Axis Surplus Insurance Company's Motions claiming no coverage. In support of its Motion, Axis attaches the 2004-2005 and 2005-2006 policies.

Brower argues that the Axis policy does not contain language excluding coverage for tenants or leases.  In support, it cites to Exhibit "2" *in globo*, or the 2005-2006 policy.  Axis argues that "[u]nder the plain language of the Axis policy, there is coverage

1

for the entire premises at which the Fairmont is located. The Axis policy, therefore, does have coverage for damages to both the renovation and the part of the building leased to the Fairmont/NORV.

Next, Brower argues that the appropriate measure of damages in an agent liability case is the loss the insured sustains as a result of the agent's failure to procure the desired coverage. In other words, in the event the agent is found liable, it should owe the insured (its client) the amount for the loss that should have or would have been covered by the insurance had it been procured. Brower argues that there is no proof of damages because there is coverage under the policy.

Finally, Brower argues that an insured is only entitled to recover the amount that will indemnity actual loss, not an additional windfall above this amount. Thus, if it is not dismissed, Brower argues that Plaintiff should be prohibited from recovering the same element of damages from Brower that it has recovered or will recover from its insurer.

Belmont Commons, LLC, argues there are issues of fact regarding whether Brower breached its duty to Belmont precluding summary judgment. Further, Belmont argues that there are issues with the flood policy that Brower does not discuss which precludes them from getting out of this case on summary judgment. Finally, Belmont argues to the extent that Brower's Motion requests a

declaratory judgment that there is coverage under the policy, Belmont joins in that Motion.  However, to the extent that Brower requests a finding be made that Belmont cannot prove any damages against it, that such argument is disputed and premature.

Axis argues that Judge Porteous' September 2007 ruling denying summary judgment applies here because nothing has changed regarding the issues of fact as to the role the insurance agent played in this matter.  Second, in response to the argument that Belmont cannot recover double damages, Axis argues that no finding has been made yet as to who is responsible for the failure of the plaintiff to have adequate coverage.  Because there are fact issues precluding summary judgment at this time on the agent's liability, Axis argues that Brower cannot be dismissed.

Finally, Axis provides that the property sustained flood damage in excess of $500,000.  The estimate prepared concludes that the damage is approximately $1,402,977.24 in actual value; hence there is no dispute that Belmont was underinsured.

## II.  LAW AND ANALYSIS

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FRCP 56(c).  The party moving for summary judgment bears the initial responsibility of informing

the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *See Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.*

Brower filed a reply to the Oppositions of Belmont and Axis. In that reply, Brower submits that its Motion for Summary Judgment is intended to address "solely the issue of coverage for the policy issued by Axis Insurance Company." Rec. Doc. 97 at p. 1. Hence, they request the Court convert the Motion into a partial Motion for Summary Judgment. They also agree that the Axis policy does not cover flood. They argue that the full thrust and intent of the Motion is "to determine coverage on the Axis policy concerning whether its policy covers the entire property to include Belmont Commons' refurbished space and the formerly leased space by the Fairmont Hotel." Rec. Doc. 97 at 2. Thus, Brower seeks a ruling on coverage and whether the policy has any gaps for wind damages

that may determined to be related to Hurricane Katrina. Brower concedes that this Motion has nothing to do with any flood coverage.

Contrary to the sur-reply by Axis, Brower raised the coverage issue in its original Motion. However, in support of its argument, Brower attaches only the policies for the 2004-2005 and 2005-2006 policy years. They do not cite to one policy provision in support of its argument and does not direct the Court to any provision in the policy for their arguments that there is coverage for the entire building as argued. It is incumbent upon the moving party to inform the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults*, 76 F.3d at 655-56. On this Motion, Brower has not met that burden. Hence, summary judgment should is denied.

Further and in spite of Brower's acknowledgment that it is abandoning all other arguments not related to coverage, the Court does not address the remaining issues presented by Brower in the original motion.

Accordingly,

**IT IS ORDERED** that Brower's Motion for Summary Judgment (Rec. Doc. 67) is **denied.**

New Orleans, Louisiana this 28th day of July, 2008.

**UNITED STATES DISTRICT JUDGE
IVAN L.R. LEMELLE**