UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BELMONT COMMONS, L.L.C.**                              CIVIL ACTION

**VERSUS**                                               NO. 06-6879

**AXIS SURPLUS INSURANCE COMPANY, ET AL.**               SECTION B(5)

ORDER AND REASONS

Before the Court is Axis Surplus Insurance Company's Motion for Summary Judgment on the issue of whether the International Ballroom of the Fairmont Hotel was covered by its policy. Rec. Doc. 117.  The Motion is opposed. Rec. Docs. 149,161.  For the following reasons, the Motion is **DENIED**.

I.   BACKGROUND

Effective March 1, 2005, for the policy period March 1, 2005 to March 1, 2006, Axis Surplus Insurance Company ("Axis") issued insurance policy number EAF 701529, with Belmont as the insured, covering the Property located at 925 Common Street in the New Orleans Central Business District.  On August 29, 2005, Hurricane Katrina came ashore near New Orleans. It is alleged that the storm caused significant damage to the 925 Common property.

Part of the 925 Common Property was leased to the Fairmont Hotel.  The instant Motion argues that the International Ballroom of the Fairmont, was not part of the coverage provided under the Axis policy.

Axis argues its policy did not cover the International

1

Ballroom.  In support, they rely upon the affidavit of Gerald Dupre, the Executive Vice President over excess and surplus property lines who attests that the policy issued provided coverage for property located at 925 Common, in the amount of 294, 300 square feet including 189, 717 of renovation square footage.  Mr. Dupre declares that he reviewed the underwriting file to confirm coverage under the policy and found that the file did not make any reference to the International Ballroom in the application or any related correspondence.  Further, Mr. Dupre attests that the square footage referenced in the policy does not contemplate coverage for the International Ballroom and that Axis did not charge a premium for that coverage.  Accordingly, Axis argues  coverage does not exist.

Belmont counters that the policy describes the property insured as "925 Common Street, New Orleans, Louisiana, 14 Story Total Sq. Ft. 294, 300 (Renovation Sq. Ft. 189, 717)."  Further, Belmont submits that Axis has admitted in its statement of uncontested facts in support of another motion that the property insured is 925 Common Street in New Orleans, Louisiana.  Belmont attaches the affidavit of one of is property mangers who attests that Belmont leased approximately 104, 583 of the property to the Fairmont Hotel and that the space known as the International Ballroom was within that leased space and, therefore, within the 925 Common property covered by the policy.

In further support, Belmont attaches an e-mail from a Belmont manager to CRC Insurance Services providing that 180 Fairmont rooms and 1 main ballroom are located with the 925 Common building. They also point out that Brower Insurance Agency(the agency who placed the coverage) admitted that the ballroom was part of the 925 Common building in its statement of material facts filed in conjunction with another motion for summary judgment in this proceeding when it stated that "within the 925 building, the ....Fairmont...leased approximately 105, 0000 of space from plaintiff, Belmont Commons...the Fairmont's lease included space located or floors 8-14, space in the basement, a ballroom on the 3rd floor and some ground floor space." Belmont submits that Axis did not dispute this fact in that motion and therefore, it is deemed admitted.

Additionally, Belmont points out that the Axis building consultant inspected the international ballroom and assigned a value for damages to that room. Further, Belmont attaches the damages assessment report of Axis' consulting engineer which discusses the International Ballroom. Belmont also argues that Axis' underwriting file is irrelevant.

Finally, it asserts that Axis' argument that the square footage referenced in the policy does not contemplate the ballroom is nonsensical because the policy lists the total square footage as 294,300. Belmont argues it is difficult to conceive how a mere numerical statement of square footage contemplates anything. =

Brower Insurance Agency ("Brower") argues that the policy does not contain language excluding coverage for the International Ballroom and a plain reading of the policy establishes that it covers the entire premises.  In addition, Brower argues that Axis did not attach evidence sufficient to show that the policy has no coverage nor did Axis reference any specific language to support it argument that the ballroom was not covered.  Finally, Brower argues that the plain language of the policy states that it covers the entire premises at 925 Common and because the premises includes the ballroom space leased by the Fairmont, the ballroom is covered.

## II.  LAW AND ANALYSIS

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FRCP 56(c).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *Stults v. Conoco*, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  *See Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more

4

than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.*

A fact is material if it "might affect the outcome of the suit under governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. In evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255.

The Evidence of Commercial Property Insurance form attached to the policy indicates that the location covered is 925 Common Street, New Orleans, Louisiana. *See* Exhibit "B" attached to Rec. Doc. 149. Further, the Builder's Risk Coverage Form, attached and made part of the policy, describes the covered property as "925 Common Street, New Orleans, La. 70112 PC 03 Fire Resistive 14 Story Total Sq. Ft. 294,300." In addition, the Builder's Risk Rehab Endorsement attached to the policy describes the project as "925

Common St., New Orleans, La. 70112, PC 03 Fire Resistive 14 Story Total Sq. Ft. 294,300 (Renovation Sq. Ft. 189, 717)." Belmont attaches the affidavit of one of its property managers who attests that it leased approximately 104, 583 of the available space at 925 Common to the Fairmont Hotel and that the space called the International Ballroom was included in that property.

In addition to the foregoing evidence, Belmont also attaches the expert reports of Axis' building engineer and adjuster hired to review the property after the storm. Both these reports indicate that they inspected and reviewed damages to the International Ballroom in conjunction with their analysis.

Axis relies solely on one of its employees in support of its claim that there is no coverage. In particular, it relies on Mr. Dupre's conclusive statement that the "square footage referenced in the policy in question does not contemplate coverage for the International Ballroom[]" and his statement that the "policy in question...does not provide coverage for the International Ballroom" and that "Axis never charged premiums...to provide coverage for the International Ballroom."

Belmont's submitted evidence is sufficient to create a fact issue as to whether the International Ballroom was covered under the policy at issue. The declarations page indicates that over two hundred thousand square feet of the 925 Common building was covered by the policy and Belmont produces evidence indicating

6

approximately 100,000 or so of 925 Common was leased to the Fairmont and used for, *inter alia*, the International Ballroom. Without any additional concrete proof demonstrating that the space leased to the Fairmont was not part of the square footage covered, Axis' Motion fails. Accordingly,

**IT IS ORDERED** that Axis' Motion for Summary Judgment relating to coverage of the International Ballroom (Rec. Doc. 117) is **denied.**

New Orleans, Louisiana this 28th day of July, 2008.

_____
**UNITED STATES DISTRICT JUDGE
IVAN L.R. LEMELLE**