UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BELMONT COMMONS, L.L.C.**                                **CIVIL ACTION**

**VERSUS**                                                 **NO. 06-6879**

**AXIS SURPLUS INSURANCE COMPANY, ET AL.**                 **SECTION B(5)**

ORDER AND REASONS

Before the Court is Axis Surplus Insurance Company's Motion for Summary Judgment requesting that the Court find that there is no coverage under its policy for the property damage to the roof and roof decking at 925 Common. Rec. Doc. 111. Plaintiff stipulated to the Motion. Rec. Doc. 155. Brower Insurance Agency, Inc., opposed the Motion. Rec. Doc. 162. For the following reasons, the Motion is **granted**.

I.    BACKGROUND

The facts of this case have been laid out in detail in the Court's prior rulings on the Motions submitted. By this Motion, Axis requests summary judgment dismissing all claims for coverage for roof damage brought by Plaintiff.

The 925 Common property has two roofs. The first is an "L-shaped" roof over the main building and the second is over the Imperial/International Ballroom of the Fairmont Hotel. As part of the renovation project, the two roofs were planned to be completely replaced.

1

Axis argues that the Rehab Endorsement in its policy provides no coverage for property and items whose removal is planned and which property is not intended to become a permanent part of the completed structure. Because the total area of both roofs was planned to be replaced as a part of the renovation project, Axis submits there is no coverage for any alleged damage to the original roofs.

Additionally, Axis argues that Belmont cannot offer any proof at trial regarding the alleged damage to the roofs and roof decking in way that they can prove that these damages should be covered by the Axis policy.

Belmont stipulates that the Rehab Endorsement does not provide coverage for property to be removed from existing buildings or structures which is not intended to become a permanent part of the structure.  In as much as the evidence shows that the tower roof and the ballroom roof were under contract to be replaced prior to Hurricane Katrina, Belmont consents to Axis' Motion only to the extent it argues lack of coverage under the Axis policy. Belmont reserves all rights to assert damages to the remainder of the existing structure including wind and water filtration in, around, and through the roof decking that existed at the time of Hurricane Katrina.

Brower Insurance Agency, Inc., argues that the roof is "covered property" as that term is defined in the policy because

the roof was a "permanent part of the building at the time of the hurricane." Further, Brower contends that the Axis policy does not contain language excluding coverage for the roof. Rather, Brower argues that the policy provides coverage under a separate section which provides for a coverage limit when there is an increased cost of construction. The coverage limit then becomes the applicable limit of insurance. Thus, Brower argues that the policy provides coverage for the damages sustained to the roof and roof decking because the policy covers the entire premises in which the Fairmont is located. Alternatively, Brower argues the policy covers the increased cost of construction to the roof/rood decking caused by the Hurricane.

**II.  LAW AND ANALYSIS**

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco*, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996). Summary judgment is also proper if the party opposing the motion fails to establish an

3

essential element of his case. *See Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.*

The policy states Axis will pay for "loss" to Covered Property from any of the Covered Causes of Loss. "Covered Property" was amended by the Rehab Endorsement as follows:

> 2. Paragraph A.1 Covered Property, is replaced by the following:
>
> **A.1. COVERED PROPERTY**
>
> Covered Property means your property or the property of others for which you are liable consisting of:
>
>> a. materials, supplies, machinery, equipment or fixtures which will become a permanent part of the building structure or project at the project site shown in this coverage Form Declarations;
>
> ...
>
> 4. The following is added to Paragraph A.2 Property Not Covered:
>
> **A.2.f**. Property to be removed from existing buildings or structures and not intended to become a permanent part of completed buildings or structures.

In support of its argument that the roofs were to be removed

from the building and not intended to be permanent, Axis attaches the roofing subcontract between Carl Woodard of New Orleans and Carrier-Stumm. The contract is dated May 10, 2005, and provides for the removal of the existing roofs and installation of the new roofs. In addition, Axis attaches the deposition testimony of representatives of both these companies which show that the main roof and the ballroom roof were scheduled to be removed and replaced with new roofs. This testimony also confirms that none of the existing roofing materials were used or incorporated into the new roofs.

Belmont does not dispute this evidence. Further, while Brower argues that the original roofs were a permanent part of the building at the time of the hurricane, it cites to no evidence to contradict that submitted by Axis indicating that the roofs were going to be replaced. The Rehab Endorsement amended the definition of "Property Not Covered" to exclude property to be removed from existing buildings or structures which are not intended to become a permanent part of completed buildings. The undisputed evidence demonstrates that the roofs at issue were slated to be removed and not intended to become a permanent part of the completed building. Accordingly, the original roofs are not property covered under the policy and summary judgment is granted.

Axis points out that replacement of the main roof began in August 2005 shortly before Hurricane Katrina. No work had begun on

the roof over the ballroom.  Axis argues that Belmont lacks proof showing that there as any damage to the replacement roof resulting from the Hurricane. Belmont consents and acknowledges that there is no coverage for the roofs and roof decking in their Opposition. Given this stipulation and the their lack of evidence demonstrating that the replacement roof sustained any damage as result of the Hurricane, summary judgment is also granted for any coverages sought to repair the replacement main roof.

Accordingly,

**IT IS ORDERED** that Axis' Motion for Summary Judgment (Rec. Doc. 111) is **granted**.

New Orleans, Louisiana this 28th day of July, 2008.

**UNITED STATES DISTRICT JUDGE
IVAN L.R. LEMELLE**