UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BELMONT COMMONS, L.L.C.**                              CIVIL ACTION

**VERSUS**                                               NO. 06-6879

**AXIS SURPLUS INSURANCE COMPANY, ET AL.**               SECTION B(5)

ORDER AND REASONS

Before the Court is Axis Surplus Insurance Company's Motion for Summary Judgment requesting dismissal of Plaintiff's claim that it violated Emergency Rule 23. Rec. Doc. 122. The Motion is opposed. Rec. Doc. 157. For the following reasons, the Motion is **denied.**

I.   BACKGROUND

The Axis policy expired on March 1, 2006. An endorsement to the policy changed the expiration date to June 1, 2006. Axis did not insure Belmont after June 1, 2006 and Belmont secured a commercial general liability policy with Westchester Surplus Lines Insurance Company with excess coverage provided by Landmark American Insurance Company. Axis contends it did not keep Belmont's policy because it "decided not to write a new all risk policy after June 1, 2006."

In the Petition, Belmont, *inter alia*, alleges that Axis violated Emergency Rule 23 adopted by the Louisiana Commissioner of Insurance when it canceled or failed to renew Belmont's insurance policy after June 1, 2006. It is alleged that this rule precludes

1

an insurer whose insured's commercial property was damaged by Hurricane Katrina from canceling or failing to renew any commercial property insurance until sixty days after the substantial completion of the repairs and/or reconstruction of the commercial property.  Belmont alleges that Axis breached its obligations under Rule 23 and, therefore, Axis was obligated to pay Belmont the entire premium costs of the new insurance or in the alternative, the increased premium resulting from Axis cancellation, termination or non-renewal of the policy. The instant Motion requests that this claim be dismissed.

Axis submits that the policy at issue was not a renewal policy because Belmont did not seek a continuation of the same terms and conditions of the prior policy.  It urges that Belmont sought several alterations to its policy that provided greater coverage to the property than the builder's risk policy it previously supplied. In support, Axis attaches copies of the two policies to show the different coverages provided.  Because of the additional coverages, Axis argues that Belmont was seeking a "new policy" rather than a "renewal policy," thus, Rule 23 was not violated and Axis was not required to provide additional coverage to Belmont.

Axis next argues that it was absolved from any violations of Rule 23 by the Louisiana Insurance Commissioner. Axis states it received two phone calls from the Commissioner's office as well as from Belmont representatives pertaining to the Axis' actions.  Axis

claims that the telephone calls from the Commissioner's office show that they investigated Axis' actions, but did not issue a letter of reprimand, a fine, or any other punishment and, therefore, they are absolved from any alleged violation of Rule 23.

Finally, Axis argues that even if Belmont can establish a violation of Rule 23, its claim still fails because Belmont cannot prove damages.  In sum, Axis argues that because Belmont acquired a new, greater encompassing policy providing coverage effective June 1 and thereafter, Belmont can prove no damages due to lack of insurance.  As to Belmont's argument that higher premiums were incurred under the new policy, Axis submits that the higher premium was due to increased limits and applicable coverages as well as because of the insurance climate in Louisiana after Hurricane Katrina.

Belmont Commons, LLC counters that it was economics that caused Axis to terminate coverage because it feared another hurricane season.  Belmont argues that it requested a renewal policy from Axis and that is what Axis refused to provide.  Axis reliance upon the insurance Belmont was forced to purchase from a different insurer when Axis refused to renew its policy, is, according to Belmont, irrelevant.

Next, Belmont asserts that Axis argument that the Louisiana Insurance Commissioner did not bring charges against it somehow absolves it from Rule 23 liability is without merit. First, Belmont

argues Axis cites to authority in support. Second, Rule 23 does not contain enforcement provisions nor does Louisiana's administrative law provide any authority for the argument that an agency's failure to institute an adjudicatory proceeding proves no violation occurred. Third, Belmont argues it has a private right of action against Axis for violating Rule 23 regardless of whether the commissioner's office brings charges.

Finally, Belmont argues it was damaged by Axis' non-renewal as follows: (1) the expenses it was forced to incur in seeking a new insurer; and (2) any difference in premium between what Axis would have charged for renewal and what Belmont would have paid for the same coverage from a different insurer. Here, the new policy premium exceeds that by Axis by several hundred thousand dollars.

## II. LAW AND ANALYSIS

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco*, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996). Summary judgment is

also proper if the party opposing the motion fails to establish an essential element of his case. *See Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.*

Rule 23 provides in pertinent part:

4305 Cancellation or Nonrenewal Suspended.

> The right of any insurer, surplus lines or any entity regulation by the Commissioner to cancel or nonrenew any...commercial property insurance policy covering commercial property located in Louisiana that sustained damages as a result of Hurricane Katrina or its aftermath ... is suspended and shall be prohibited until 609 days after the substantial completion of the repair and/or reconstruction of the...commercial property.

Section 4307 provides for limited exceptions, none which are applicable here.

Axis argues that the policy Belmont sought for the 2006-2007 policy year was a new policy and, therefore, not covered by Rule 23. In support of this argument, Axis attaches its original policy and the new policy procured with Westchester. Implicit in Axis' argument is the conclusion that if Belmont sought a renewal of the policy and Axis did not renew prior to substantial completion, that Rule 23 would preclude cancellation.

A renewal policy is a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer, or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term. *American Deposit Ins. Co. v. Myles,* 2000-2457 (La. 2001), 783 So.2d 1282, 1288, (citations omitted). The concept of a renewal policy requires, among other things, a continuation of coverage without interruption. *Id*. Further, a renewal can only occur at the end of the policy period that it renews, not before. *Id.* Finally, as a general rule, when a policy is renewed, the same terms and conditions of the prior policy will apply to the renewal policy. *Id.*

Axis acknowledges that its policy expired on June 1, 2006, and that it decided not to write a new all risk policy.  While Axis argues that the policy Belmont requested was a new policy, the only evidence it supplies in support is the policy procured from Westchester with higher limits and more coverage.  On the other hand, Belmont argues that it wanted to renew its policy with Axis and Axis declined.  In support, Belmont attaches an e-mail from Brower to the broker CRC indicating that Axis agreed to a 90 day extension with a 15% rate increase.  The rate increase was due to higher values in place and a change in the local market.  *See* Exhibit "B" attached to Rec. Doc. 157.  In addition, the e-mail provides that Axis "no longer has the ability to offer this high of

a limit in coastal areas." *Id.*

Belmont has presented evidence contradicting Axis position that Belmont was seeking a new as opposed to a renewal policy. Accordingly, there is a genuine issue of fact regarding whether or not Belmont wanted to renew its policy with Axis or if it wanted a new policy with new limits.

Axis argument that the Rule 23 claim is precluded because the Commissioner's office failed to issue any citation is without merit. Emergency Rule 23 does not provide for an enforcement provision. It does not provide that the Commissioner of Insurance must first review the claim and determine whether adjudication is warranted prior to a claim being triggered. Further, at least one Louisiana court has found that a private right of action exists under Emergency Rule 23. *Historic Restoration, Inc. v. RSUI Indem. Co.*, 2006-1178 (La. App. 4th Cir. 3/21/2007); 955 So. 2d 200, 206. Because there is no enforcement mechanism in the rule coupled with the Louisiana court's finding that the Rule provides a right of action to the individual, the Court finds that it is of no consequence that the Commissioner's office (assuming they were adequately notified of any violation) failed to issue any violation.

Finally, Axis argues that Belmont has sustained no damages because the new increased policy premiums are for different coverage than it provided under the Axis All-Risk Policy and are

due to the market conditions occurring after Hurricane Katrina. Assuming that Axis position is correct, summary judgment still should be denied. The purpose of the Emergency Rule 23 is "consumer protection for the insureds of Louisiana who desire to maintain or obtain personal residential, commercial residential or commercial property...located in Louisiana." *See* Section 4321 of Rule 23. Here, Belmont has put forth sufficient evidence to contradict Axis position that Belmont wanted a new rather than a renewal policy. Protection of insureds like Belmont from insurers canceling policies prior to completion of repairs is the purpose and intent of Rule 23. Here, the policy was canceled before the repairs were completed. Belmont then had to take the time and expend money to find new coverage, which coverage is more expensive. That the new policy was for different coverage is irrelevant.

Accordingly, and for the reasons stated herein,

**IT IS ORDERED** that Axis' Motion for Summary Judgment (Rec. Doc. 122) is **denied**.

New Orleans, Louisiana this 28th day of July, 2008.

**UNITED STATES DISTRICT JUDGE
IVAN L.R. LEMELLE**