**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

BELMONT COMMONS, L.L.C.                    CIVIL ACTION

VERSUS                                     NO. 06-6879

AXIS SURPLUS INSURANCE COMPANY, ET AL.     SECTION B(5)

<u>ORDER AND REASONS</u>

Before the Court is CRC Insurance Services, LLC's Motion for Summary Judgment.  Rec. Doc. 115.  The Motion is opposed.  Rec. Doc. 172.  For the following reasons, the Motion is **granted.**

**I.   BACKGROUND**

The facts of this case have been laid in detail in the Court's prior rulings on the Motions submitted.  This Motion is filed by CRC Insurance Services, LLC arguing that as the intermediary broker, with no contact with the insured, it is not liable under any theory.

**II.  LAW AND ANALYSIS**

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FRCP 56(c).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the

1

absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *See Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.*

A fact is material if it "might affect the outcome of the suit under governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. In evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255.

Many sections in this District have reviewed the liability question presented here: whether the intermediary broker who does not have a direct relationship and contact with the insured can be

held liable under Louisiana law for breach of a fiduciary duty. Those courts hold no duty exists. *See Nguyen v. Scottsdale Insurance Co.*, 2007 WL 647307 (E.D. La. 2007)(finding that plaintiff had no cause of action against the wholesale insurance broker who procured the insurance because it did not have communications with the insurance customers); *Bowman v. Lexington Insurance Company*, 2006 WL 3733839 (E.D. La. 2006)(finding that the wholesale broker who operated as the program administrator for the homeowner's insurer and who had no communication with the plaintiff could not be held liable to the insured); *Teamer v. Lexington Insurance Company*, 2007 WL 609738 (E.D. La. 2007)(holding that there is no cause of action against wholesale broker who establishes that it had no communication with the insured and merely quotes and binds coverage); *T. J. Sport's Bar, Inc. v. Scottsdale Insurance Company*, 2007 WL 196898 (E.D. La. 2007)(holding that wholesale broker could not be liable for failing to advise the insured that it was under-insured and failing to recommend adequate flood insurance coverage where the record revealed that the broker did not communicate with the insured).

At his deposition, Manny Organek, the corporate designee of Belmont, testified that he did not "recall any contacts or conversations with anybody at CRC." Similarly, Marc Blumberg, the other corporate designee of Belmont, testified he did not have any conversations or discussions with anyone at CRC Insurance Services.

As this undisputed and uncontradicted testimony demonstrates, there was no direct relationship between CRC and Belmont giving rise to a duty of CRC to inform Belmont of additional coverage availability. Belmont simply has no cause of action against CRC.

Accordingly,

**IT IS ORDERED** that CRC's Motion for Summary Judgment (Rec. Doc. 115) is **granted.**

New Orleans, Louisiana this 28th day of July, 2008.

**UNITED STATES DISTRICT JUDGE**
**IVAN L.R. LEMELLE**